is not applicable to a transfer of a litigious right, made to a creditor of the transferrer.

EASTERN DIST.
*April*, 1838.

SEGHERS
*vs.*
SCHMIDT,
TUTOR, ETC.

It does not appear to us that the District Court erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

SEGHERS *vs.* SCHMIDT, TUTOR ETC.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The right of reversion, on condition that the donor survives the donee and *his descendants*, does not accrue so long as any of the descendants of the donee survive.

So, where it was stipulated by the father, who gave his daughter certain real and personal property and slaves, on her marriage, that in case he survived her and her descendants, the donation should return to him; and the donee died leaving four children, one of whom also died : *Held*, that no part of the donation reverted, so long as any descendants of the donee were living.

This is an action by the donor, to recover from the surviving husband of the donee and tutor of the minor children, one fourth part of certain property, given to his daughter on her marriage with the defendant.

On the marriage of the plaintiff's daughter with the defendant, the 16th April, 1831, the former made a donation constituting her *dot*, estimated at thirty-five thousand dollars. In the act of donation, it was stipulated in the words of the Louisiana Code, article 1521, "that the donor had the right of return of the objects given, in case he survived the donee *alone ;* or in case he survived the donee *and her descendants*."

The donee died leaving four children. The youngest of these children afterwards died ; and the donor is still living.

EASTERN DIST.
April, 1838.

SEGHERS
vs.
SCHMIDT,
TUTOR, ETC.

But by the death of the donee, leaving descendants, the first event failed, and the donation descended to her four children in equal shares, of one undivided fourth each, subject to the second event contained in the stipulation. The plaintiff and donor, claims to have one-fourth part of the objects donated, returned, for the share of the deceased child, which, he alleges, has reverted to him in part fulfilment of the second event, as stipulated in the act of donation.

The judge of probates gave judgment, dismissing the plaintiff's demand, and he appealed.

*D. Seghers*, in *propriâ personâ*, insisted, that on the death of the donee, leaving four children, one fourth of the donation vested in each child, and that the fourth part, which belonged to the deceased child, reverted to the donor on its death, *pro. tanto* on the second event.

*Schmidt*, in *propriâ personâ*, contended, that the judgment should be affirmed :

1. Because it is obvious that the plaintiff's pretensions are without the slightest foundation, inasmuch as he supposes and alleges, that the deceased child *inherited* one undivided fourth of the *dotal property ;* when, in fact, it did not and could not inherit any portion of the dower, as long as the clause stipulating the return to the donor, in the event of his surviving the descendants of the donee, was in full force. See *Repert. de Merlin*, verbo *Reversion*, section 3, *No.* 1.

2. Because the stipulation in the marriage contract, though authorized by article 1521, of the Louisiana Code, is a *fidei commissary* substitution, and as such, subject to the rules applicable to such contracts. *Merlin, Reversion, section 3, No. 5, and note ; and Substitution fidei commissaire, section 8, No. 10, 5th edition.* But as the necessary condition of a substitution, according to article 150, Louisiana Code, are to *preserve* and *return* the thing given upon the happening of the event, on which the resolution of the contract is dependant, it follows, that to permit plaintiff to take back any portion of the dotal property while any of the

descendants of the donee are in existence, would, in fact, authorize him to dissolve and annul the contract, contrary to law.

Eastern Dist.
*April*, 1838.

SEGHERS
*vs.*
SCHMIDT,
TUTOR, ETC.

3. Because, by the terms of the contract, the donees are not only the mother of the children, but those very children, who, as descendants of the original donee, preserve the property entire, until the happening of the event on which the resolution of the donation depends. The mother's death transferred to her descendants no other interest in the dotal property, than she herself possessed, and as that interest was *defeasible* during the life time of plaintiff, so likewise is that of the defendants, should the stipulated contingency happen ; but the plaintiff has no right to claim any thing until such contingency be accomplished. *Merlin, verbo Condition, sections* 1, 4 *and* 5.

4. Because the whole doctrine of the law relative to donations, repudiates the claim of the plaintiff. See *Grenier .Traité des Donations, Nos.* 31 *and* 32. 5 *Toullier, No.* 286. *Dalloz, Jurisprudence, du* 19e. *siècle vol. X. verbo Dispositions entre Vifs et Testàmentaires, section* 6, as well as Merlin, Favart and Delvincourt, in their titles on donations. Nay, the doctrine for which plaintiff contends, is obviously in direct violation of the provision of the Louisiana Code, which prohibits substitutions.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff represents that he made a donation by marriage contract, in favor of his deceased daughter, late wife of the defendant, of certain immovables, movables and slaves, under a stipulation of return to himself alone, in case of his surviving the donee and her descendants, as provided by article 1521 of the Louisiana Code ; that his daughter, the donee, at her demise, left four children, one of whom died after the mother, having inherited one undivided fourth of her mother's succession, consisting of the several effects comprised in the donation. He avers, that by the demise of this child, the case has arrived in which he is entitled to

EASTERN DIST. exercise his stipulated right of return, for one undivided
*April,* 1838. fourth of the property. He prays for a partition, etc.

SEGHERS
*vs.*
SCHMIDT,
TUTOR, ETC.

The right of reversion, on condition that the donor survives the donee and his descendants, does not accrue so long as any of the descendants of the donee survive.

So, where it was stipulated by the father, who gave his daughter certain real and personal property and slaves on her marriage, that in case he survived her *and her descendants,* the donation should return to him, and the donee died, leaving four children, one of whom also died: *Held,* that no part of the donation reverted, so long as any descendants of the donee were living.

The judgment of the Court of Probates, was against the pretensions of the plaintiff, and he appealed.

The right of reversion is stipulated in the precise words of the code, in case of the donor surviving the donee and her descendants. So long as any descendant of the donee survives, we concur with the court below in the opinion, that the contingency has not happened, upon which the donor may exercise his right of return. The condition upon which the reversion is made to depend, being the decease both of the donee and of her descendants, during the life of the donor, its accomplishment is indivisible. *Merlin's Repertoire de Jurisprudence, verbo Condition, sections* 1 *and* 4.

The assumption on the part of the plaintiff, that on the death of the donee, one fourth part of the property vested in the child who died subsequently, in such a manner as to entitle him to a partial reversion, *is not* only inconsistent with the principle just announced, but appears to contradict the next article of the code, which declares the effect of the right of return to be, that it cancels all the alienations of the property given, that may have been made by the donee or his descendants, 1522; consequently, any one claiming through the donee, would hold the property subject to the original condition, during the life of the donor. It would seem, therefore, that the surviving father would not, under such circumstances, take in concurrence with the surviving brothers and sisters of the deceased child, according to the ordinary rule of succession. But we are not called upon in this case, to pronounce upon the question, whether the surviving children are entitled to take *jure accrescendi.* It suffices, in our opinion, that the plaintiff does not show himself entitled to the portion he has claimed in this suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.